IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RICKY WILLIAMS**                                                          **PLAINTIFF**

**V.**                                        **CAUSE NO. 3:10-CV-00620-CWR-FKB**

**JOHN E. POTTER**                                          **DEFENDANT**

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**

In order to perfect service of process on the Postmaster General, a plaintiff must serve a copy of the Complaint and a summons on three entities: the defendant, the United States attorney, and the Attorney General.[1] Additionally, "the duty to answer only arises after service has been perfected."[2]

In this case, the record reveals that the plaintiff has served process only on the defendant.[3] And because service has not been perfected, the duty to answer has not arisen.[4]

Therefore, the plaintiff's motion for default judgment[5] is denied.

SO ORDERED this Eleventh day of July 2012.

                                                       /s/ *Carlton W. Reeves*
                                                       Hon. Carlton W. Reeves
                                                       United States District Court Judge

---

[1] *Shore v. Henderson*, 168 F. Supp. 2d 428, 431 (E.D. Pa. 2001).

[2] *Conn v. United States*, 823 F. Supp. 2d 441, 444 (S.D. Miss. 2011) (quoting *Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 n.6 (5th Cir. 2008)).

[3] *See* Process Receipt and Return [Docket No. 6].

[4] The absence of a duty to answer, however, does not preclude a defendant from moving for dismissal on the basis of a lack of jurisdiction. *See* Fed. R. Civ. P. 4(m).

[5] Motion to Show Cause/Judgement [*sic*] By Default [Docket No. 8].